## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TITAN CONTINUING EDUCATION, INC.,**

    **Plaintiff,**

    **vs.**                  **Case No. 8:25-cv-618**

**TITAN UNIVERSITY, LLC,**
**TITAN CONSULTANTS &**
**ENGINEERS, LLC, and**
**PATRICK GANT, an individual,**

    **Defendants.**

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Titan Continuing Education, Inc., ("Titan CE" or "Plaintiff"), complains of Defendants, Titan University, LLC ("TU"), TITAN Consultants & Engineers, LLC ("TCE"), and Patrick Gant ("Gant") (collectively, "Defendants"), and for its Complaint alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for federal trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and unfair competition and false designation, and cyberpiracy, arising under the Lanham Act, 15 U.S.C. § 1125, common law trademark infringement and unfair competition under Florida law, and deceptive and unfair trade practices arising under FDUTPA, Fla. Stat. §§ 501.201, *et. seq.*

2.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 in that this action presents a federal question. Jurisdiction is also proper pursuant to 28 U.S.C. §

1338(a) as this action arises under an Act of Congress relating to trademarks. Jurisdiction is also proper pursuant to 28 U.S.C. § 1338(b) in that the unfair competition claims are joined with substantial and related claims under the trademark laws.

3.     This Court has supplemental jurisdiction over the subject matter of Titan CE's state law claims pursuant to 28 U.S.C. § 1367(a), in that the claims are so related to Titan CE's federal claims that they form part of the same case or controversy.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are residents of Florida and Defendants resides in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(c).

5.     This Court has personal jurisdiction over Defendants, in that each Defendant does business in Florida by: (1) selling online education services within this State, District, and Division; (2) advertising services within this State, District, and Division, (3) soliciting business and orders within this State, District, and Division; (4) deriving revenue from the sale of their services within this State, District, and Division; and (5) committing acts of trademark infringement and unfair competition within this State, District, and Division.

6.     All Defendants have committed acts within this State, District, and Division which have resulted in damage to Titan CE. All Defendants have committed acts in this District in violation of Titan CE's exclusive rights under at least 15 U.S.C. § 1125, thereby giving this Court personal jurisdiction over each named Defendant.

**THE PLAINTIFF**

7.      Titan CE is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Lutz, Florida.

**THE DEFENDANTS**

8.      Defendant TU is a limited liability company organized under the laws of the State of Florida, operates under the name "Titan University," and offers educational services similar to those provided by Titan CE.

9.      Defendant TCE is a limited liability company organized under the laws of the State of Florida, operates under the name "TITAN Consultants & Engineering, LLC," and offers educational services similar to those provided by Titan CE.

10.     Gant is an individual. On information and belief, Gant is an owner and operator of TU and TCE. On information and belief, Gant controls and directs TU and TCE's business activities within this judicial district. On information and belief, Gant is the moving, active force controlling TU and TCE.

**BACKGROUND FACTS**

11.     Founded in 2003, Titan CE provides educational services, including continuing education seminars and distance learning courses for professionals in the construction industry.  Since 2003, Titan CE has provided its educational services under the trademark "TITAN CONTINUING EDUCATION" ("Plaintiff's Mark" or "TITAN MARK").  Since 2003, Titan CE has offered a variety of online courses, home study course books, and live webinars and seminars to contractors, architects, professional engineers, and the like. As such, Titan CE has embarked

on the mission of becoming a leader in providing continuing education and distance learning to professionals in the construction industry.

12.     Since 2003, Titan CE has invested significant resources in developing, marketing, and advertising its online courses, home study course books, and live webinars and seminars bearing its TITAN MARK, establishing substantial goodwill and a respected reputation in the industry.   Titan CE has been continuously using its TITAN MARK since as early as 2003.

13.     Collectively, Titan CE presently offers hundreds of different online courses, home study course books, and live webinars and seminars for customers to choose from, with plans to further expand its educational offerings and capabilities in the future.

14.     To promote the Titan CE brand, Titan CE has invested significant resources to develop its word mark, design, and logo that it uses in connection with the services it provides. Notably, Titan CE's design and logo predominantly displays the term "TITAN" with a pronounced "A," that is partially enclosed by an oval with the phrase "Continuing Education" underneath, which has become distinctive of the Titan CE brand.

15.     Recently, Titan CE learned that Defendants have been utilizing confusingly similar marks, holding themselves out as "Titan University" and "TITAN" offering similar services on the following websites: www.titanuniversity.org and www.titanconsultants.com.   Titan CE further learned that Defendants have registered and used the internet domain name

www.titancae.com, which directs users to the www.titanconsultants.com website and is confusingly similar to the TITAN MARK.

16.    In particular, Defendants utilize and display logos that are identical in sight, sound, and meaning, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Titan  CE. For example, similar to Plaintiff's Mark, Defendant TCE's mark predominantly displays the term "TITAN" with a pronounced "A."

17.    TCE's website www.titanconsultants.com displays a tab titled "EDUCATION" where it lists the following topics: Quality Control (QC) Manager; Site Safety & Health Officer (SSHO); Environmental Manager (EM); Occupational Health and Safety Specialist; and Certified Construction Manager Test Prep.  Once a desired topic is selected, the TCE website redirects users to TU's website www.titanuniversity.org to access and purchase the relevant online courses.

18.    In or around June 1, 2020, Gant registered and took one or more Titan CE courses.  Later that year, he founded TU.

19.    Titan CE did not become aware of Defendants or their activity until January 3, 2025.

20.    On February 13, 2025, Titan CE, through counsel, demanded that Defendants stop violating Titan CE's rights.

21.    On February 18, 2025, Defendants responded, refusing to comply.

22.    Defendants continue to advertise, promote, and market their educational services with their "TITAN UNIVERSITY" mark and "TITAN" design

mark (collectively, the "Accused Marks") (see below). Examples of the current and on-going infringement, taken from Defendants' websites, are attached hereto as **Exhibit "A"**. An exemplary side-by-side comparison of Defendants' confusingly similar TITAN UNIVERSITY and TITAN design marks to Titan CE's TITAN MARK is shown below:

| Titan CE's Registered Mark: | Accused Marks: |
|---|---|
| <br><br>Reg. No. 3,106,744 | TITAN UNIVERSITY<br> |
| | TITAN<br> |

## PLAINTIFF'S RIGHTS

23.    Titan CE has secured its trademark registration to protect its distinctive TITAN MARK (the "Asserted Mark"):

| Titan CE's Marks | Goods and/or Services |
|---|---|
|  | IC 041: Educational services, namely, providing continuing education seminars and distance learning courses to those in the construction industry, namely, architects, engineers and contractors. |

| Reg. No. 3,106,744 | |
|---|---|

24.     The Asserted Mark, and the goodwill it symbolizes, are vitally important to Titan CE's respected reputation and growth.

## STRENGTH OF THE TITAN CE BRAND

25.     Titan CE continuously, extensively, and prominently promotes itself and advertises its business using the TITAN MARK.  This marketing includes website marketing, social media marketing, sponsorships, and through other means.

26.     Through Titan CE's efforts, the relevant consuming public has come to identify the TITAN MARK with the Titan CE brand and its education services.

27.     Titan CE prominently features the TITAN MARK in connection with advertising and use of its Titan CE brand, as shown in the below screenshot from Titan CE's website:



## DAMAGES

28.    Defendants' unauthorized use of Titan CE's trademark has damaged and will continue to damage Titan CE.

29.    Defendants' activities have also allowed them to compete unfairly against Titan CE.

## FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT (Lanham Act)

30.    Titan CE repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 29 above.

31.    Defendants' use of the Accused Marks are likely to cause confusion, or to cause mistake, or to deceive its customers into believing that its services are being provided in connection with Titan CE.

32.    Defendants' Accused Marks and Titan CE's TITAN MARK convey similar commercial impressions in similar, if not overlapping, services.

33.    Defendants' acts are willful, knowing, and intentional.

34.    Defendants' actions have given rise to a likelihood of confusion within relevant channels of commerce of the parties since said use is confusingly similar to Titan CE's use of the TITAN MARK

35.    Titan CE has been damaged by the infringing activities of Defendants.

36.    Unless enjoined by the Court, Defendants' infringing activities as described above will continue unabated and will continue to cause harm to Titan CE.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

37.    Titan CE repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 29 above.

38.    Defendants used and continued to use the Asserted Marks or confusingly similar designs or derivations thereof to advertise and sell goods and services in commerce in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Titan CE as to the origin, sponsorship, or approval by Titan CE of Defendants' infringing goods, services, or commercial activities.

39.    The operation of online educational and distance learning services in the field of construction using the Accused Marks is likely to cause confusion, or to cause mistake, or to deceive those present into believing, falsely, that Titan CE

is connected with Defendants, or otherwise sponsored or approved Defendants' establishment.

40.     Unless enjoined by the Court, Defendants' unfair competition activities as described above will continue unabated and will continue to cause harm to Titan CE.

**THIRD CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

41.     Titan CE repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 29 above.

42.     Defendants used and knowingly directly benefited from the use of Titan CE's brand in connection with educational services, namely, continuing education seminars and distance learning courses to people in the construction industry.

43.     Titan CE did not license Defendants the right to use its TITAN MARK brand in connection with their online educational and distance learning services.

44.     Use of the Titan CE brand in the manner attributable to Defendants is likely to cause confusion, or to cause mistake, or to deceive customers at the establishment into believing that Defendants' online educational and distance learning services are being provided with the authorization of Titan CE.

45.     Defendants' acts are willful and knowing.

46.     Titan CE has been damaged by the infringing activities of Defendants.

47.     Unless enjoined by the Court, Defendants' infringing activities as described above will continue unabated and will continue to cause harm to Titan CE.

## FOURTH CLAIM FOR RELIEF
## CYBERPIRACY UNDER 15 U.S.C. § 1125(d)

48.     Titan CE repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 29 above.

49.     Defendants' registration and use of the internet domain name www.titancae.com is confusingly similar to Titan CE's TITAN MARK, as it incorporates the dominant portion of the TITAN MARK and is used in connection with educational services, namely, continuing education seminars and distance learning courses to people in the construction industry.

50.     Upon information and belief, Defendants had actual knowledge of Plaintiff and its exclusive rights under the TITAN MARK prior to registering the www.titancae.com domain name.

51.     Titan CE did not license Defendants the right to use its TITAN MARK in connection with the domain name www.titancae.com.

52.     Defendants registered, trafficked, and/or are using the domain name www.titancae.com with a bad faith intent to profit from Titan CE's established trademark rights, as evidenced by the similarity of the services offered.

53.     Use of the Titan CE brand in the manner attributable to Defendants is likely to cause confusion, or to cause mistake, or to deceive customers at the establishment into believing that Defendants' online educational and distance

learning services are being provided at the infringing www.titancae.com domain with the authorization of Titan CE.

54.     Defendants' acts are willful and knowing.

55.     Titan CE has been damaged by the infringing activities of Defendants.

56.     Unless enjoined by the Court, Defendants' infringing activities as described above will continue unabated and will continue to cause harm to Titan CE.

**FIFTH CLAIM FOR RELIEF**
**DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FDUTPA**
**Fla. Stat. §§ 501.201, *et seq.***

57.     Titan CE repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 29 above.

58.     Defendants use and continued use of the Asserted Marks or confusingly similar designs or derivations thereof to advertise and sell goods and services in commerce in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Titan CE as to the origin, sponsorship, or approval by Titan CE of Defendants' infringing goods, services, or commercial activities, constitutes unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of trade and commerce.

59.     As a direct and proximate result of Defendants' deceptive and unfair trade practices, Titan CE has been harmed.

60.     Unless enjoined by the Court, Defendants' deceptive and unfair trade practices as described above will continue unabated and will continue to cause harm to Titan CE.

**SIXTH CLAIM FOR RELIEF**
**VICARIOUS TRADEMARK INFRINGEMENT (LANHAM ACT)**
**(Defendant TCE)**

61.     Titan CE repeats and incorporates by reference herein its allegations contained in paragraphs 1 through 29 above.

62.     The     homepage     of     Defendant     TCE's     website www.titanconsultants.com displays a tab titled "EDUCATION" where it lists the following topics: Quality Control (QC) Manager; Site Safety & Health Officer (SSHO); Environmental Manager (EM); Occupational Health and Safety Specialist; and Certified Construction Manager Test Prep.

63.     Once a desired topic is selected, the TCE website redirects users to TU's website www.titanuniversity.org to access and purchase the relevant online courses.

64.     Defendant TCE had the right and ability to supervise TU's infringing activity, namely, the use of Titan CE's TITAN MARK in connection with educational services, namely, continuing education seminars and distance learning courses to people in the construction industry offered.

65.     TCE possessed a direct financial interest in TU's infringing activity, and had the right and ability to supervise TU, since TCE principal officer and primary decision maker, Defendant Gant, is also the principal officer and primary decision maker of TU.

66.    TCE allows for the promotion of TU's online educational and distance learning services on TCE's website to demonstrate to the public that it has expertise and knowledge in the relevant fields.

67.    Titan CE did not license Defendant TCE to permit or supervise the use of Titan CE's TITAN MARK in connection with the online educational and distance learning services offered on the www.titanuniversity.org website.

68.    Use of the TITAN MARK in the manner attributable to Defendants is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Titan CE as to the origin, sponsorship, or approval by Titan CE of Defendants' infringing goods, services, or commercial activities.

69.    Defendant TCE's acts are willful and knowing.

70.    Titan CE has been damaged by the infringing activities of Defendant TCE.

71.    Unless enjoined by the Court, Defendant TCE's infringing activities as described above will continue unabated and will continue to cause harm to Titan CE.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Titan CE, prays for judgment against the Defendants, and that the Court:

A.    Find that Defendants committed acts of trademark infringement of the registration for the Asserted Mark;

14

B.    Find that Defendants engaged in unfair competition detrimental to Titan CE in violation of 15 U.S.C. § 1125(a);

C.    Find that Defendants engaged in acts of unfair competition detrimental to Titan CE in violation of Florida common law;

D.    Find that Defendants engaged in acts of cyberpiracy detrimental to Titan CE in violation of 15 U.S.C. § 1125(d);

E.    Find that Defendants engaged in deceptive and unfair trade practices in violation of Fla. Stat. §§ 501.201, *et. seq.;*

F.    Find that Defendant TCE is vicariously liable for the acts of trademark infringement of the registration for the Asserted Mark;

G.    Enter judgment against Defendants and in favor of Titan CE on all applicable counts;

H.    Find that Defendants' activities were in all respects conducted willfully and for profit;

I.    Award to Titan CE each of Defendants' profits and the damages sustained by Titan CE because of each Defendant's infringing conduct;

J.    Award to Titan CE each Defendant's profits and the damages sustained by Titan CE because of Defendants' acts of unfair competition under 15 U.S.C. § 1125(a) and common law;

K.    Award to Titan CE each Defendant's profits and the damages sustained by Titan CE because of Defendants' acts of cyberpiracy under 15 U.S.C. § 1125(d);

L.    Award to Titan CE each Defendants' profits and the damages because of Defendants' acts of deception and unfair trade practices under Fla. Stat. §§ 501.201, *et. seq.;*

M.    Award to Titan CE all damages available under the Lanham Act, 15 U.S.C. § 1117, including treble, otherwise enhanced damages as available for each Defendant's acts of willful infringement;

N.    A determination that this case is exceptional and award Titan CE its reasonable attorney fees pursuant to 15 U.S.C. § 1117;

O.    Award to Titan CE all damages available to it under the Florida Trademark Act, Fla. Stat. § 495.0001, *et seq*, including Titan CE's reasonable attorneys' fees;

P.    Award to Titan CE all damages available to it under the Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et. Seq.,* including Titan CE's reasonable attorneys' fees and costs;

Q.    Grant Titan CE preliminary and permanent injunctive relief against further infringement by Defendants; and

R.    Grant Titan CE such other and further relief as justice may require.

## JURY DEMAND

Titan CE demands trial by jury on all issues so triable.

Date: March 14, 2025

Respectfully submitted.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack
Florida Bar No.: 26802
Lead Counsel
Brian J. Paul
Florida Bar No. 1018684
**SHUTTS & BOWEN, LLP**
4301 W. Boy Scout Boulevard
Suite 300
Tampa, Florida 33607
wpollack@shutts.com
bpaul@shutts.com
Telephone: (813) 229-8900
 Facsimile: (813) 229-8901